[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10521

Non-Argument Calendar

_____

JOSUE MICHEL ESPITIA-VERA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A200-659-243

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Josue Espitia-Vera seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his application for cancellation of removal. The BIA affirmed an immigration judge's ("IJ") finding that Espitia-Vera was not eligible for cancellation relief because he did not establish that his removal would result in exceptional and extremely unusual hardship to qualifying relatives. On appeal, Espitia-Vera does not contend that the evidence before the IJ and BIA established the requisite hardship. Instead, he argues only that factual assertions in the BIA's decision are so contradictory that meaningful appellate review is not possible. This argument, which we construe as a contention that the BIA failed to give reasoned consideration to his case, fails because the BIA's decision reflects adequate consideration of the hardship issue, and its statements are not inherently contradictory. Accordingly, we deny the petition for review.

## I.

Espitia-Vera, a native and citizen of Mexico, entered the United States in 1995 on a tourist visa. The Department of Homeland Security initiated proceedings to remove Espitia-Vera in 2010, asserting he was not lawfully present in the United States.[1] Espitia-

---

[1] Initially, Espitia-Vera was charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or

Vera conceded removability and applied for cancellation of removal under 8 U.S.C. §. 1229b(b)(1).

At an initial merits hearing in 2012, Espitia-Vera contended that he was eligible for cancellation relief because his removal would result in exceptional and extremely unusual hardship to his U.S. citizen son.  He testified as follows.  Espitia-Vera's son was born in July 2010 and was healthy.  Espitia-Vera lived with his wife and son at a house he owned in Clayton, Georgia, along with his mother, father, brother, and grandmother.  He worked full-time at a CVS and part-time at a bank.  Espitia-Vera's father and sometimes his brother helped him pay the mortgage.  His son would likely remain with his wife in the United States if Espitia-Vera was removed.  Espitia-Vera had two uncles and three grandparents who lived in Mexico.  His uncles worked in construction and bricklaying, earning about $400 to $500 each month.  He did not know where he would obtain work in Mexico, though he planned to live with his grandmother.

At a resumed hearing in 2013, the parties presented argument on the issue of hardship to Espitia-Vera's son, and the court closed the record on the issue.  No decision was made at that time or for several years later, though, because of the pendency of a related citizenship petition that could affect Espitia-Vera's case.

---

parole. Then, in 2014, after Espitia-Vera submitted additional evidence about his entry, the charge was changed to being removable under 8 U.S.C. § 1227(a)(1)(B) for having remained in the United States longer than permitted by the terms of his admission.

Then, in May 2018, Espitia-Vera filed a "Motion to Reopen Evidence to Take Additional Testimony." In it, he said that his parents had become lawful permanent residents in March 2018, so they were now qualifying relatives for his application. Espitia-Vera requested an additional merits hearing, though the motion did not specify that his parents would experience hardship, nor what the hardship would be, if he were removed.

In September 2019, the IJ issued an order denying both Espitia-Vera's motion to reopen evidence and his application for cancellation of removal. The IJ acknowledged that Espitia-Vera's parents were now qualifying relatives and that their hardship could be considered, in addition to that of his U.S. citizen son. But the IJ found that reopening was not warranted because Espitia-Vera had not presented any evidence, affidavits, or information about his parents' hardship if he were removed.

Plus, the IJ concluded that Espitia-Vera was "ineligible for cancellation of removal because he ha[d] not demonstrated exceptional and extremely unusual hardship to his qualify[ing] relatives." The IJ recognized that all of Espitia-Vera's qualifying relatives would be affected financially if he were removed but noted that he was not the sole financial provider for the family and had not shown that no one else in the family could work to supplement the income they would lose upon his removal. The IJ also determined that Espitia-Vera did not demonstrate that he "would be unable to find employment or that he could not continue to help financially support his family from Mexico." In addition, the IJ observed that

Espitia-Vera "ha[d] family he [was] able to live with in Mexico and ha[d] several years of work experience from living in the United States." While the IJ recognized that "[f]amily separation [wa]s a substantial hardship," the IJ noted that separation was frequent in removal proceedings and generally insufficient to reach the exceptional and extremely unusual standard. So in the IJ's view, while Espitia-Vera had shown the likelihood of "a lower standard of living for his family in the United States," he had not established "factors [that were] substantially beyond" the usual ones resulting from removal.

Espitia-Vera appealed to the BIA, arguing that the IJ deprived him of an opportunity to present evidence about his parents' hardship and erred in evaluating the hardship factors. But the BIA affirmed the IJ's decision.

The BIA agreed with the IJ that Espitia-Vera had not established exceptional and extremely unusual hardship to any of his three qualifying relatives. The BIA recognized that his son, who was "in good health," would "likely experience financial, emotional, education, and other hardship" because of Espitia-Vera's removal. But the BIA found that Espitia-Vera had other family in the United States, including his wife, who could adequately care for the child. As for his parents, the BIA concluded that Espitia-Vera had not "meaningfully articulated the claimed hardship which would result from his removal." So while the BIA acknowledged it was undisputed that Espitia-Vera's "removal will result in a significant level of hardship to his child and parents," it determined he had not

met his burden to show that they would "suffer hardship that is substantially beyond that which would ordinarily be expected to result" from removal.

Finally, the BIA found that the IJ did not err by denying Espitia-Vera's motion to reopen evidence. The BIA noted that Espitia-Vera's parents did not testify at the merits hearing and that there was no dispute they were now qualifying relatives. The BIA added that the motion to reopen evidence "did not contain any documentary evidence which was material to the issue of . . . exceptional and extremely unusual hardship" and "did not proffer what testimony, if any, would be offered at a subsequent hearing." Based on these determinations, the BIA stated that, "[i]n the absence of evidence attesting to hardship, the accrual of a new qualifying relative does not, in itself, meet a noncitizen's heavy burden of demonstrating that reopening of an issue is warranted." Espitia-Vera now petitions this Court for review of the BIA's decision.

## II.

We review the decision of the BIA only, except to the extent that the BIA expressly adopts or agrees with the IJ's opinion or reasoning. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011). We review *de novo* arguments that the agency committed legal error. *Jeune v. U.S Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

Section 1229b allows the Attorney General to cancel the removal of a noncitizen who demonstrates these four things: (1) continuous physical presence in the United States of at least ten years; (2) good moral character during that period; (3) a lack of certain

criminal convictions; and (4) "exceptional and extremely unusual hardship" to a "spouse, parent, or child" who is a U.S. citizen or permanent resident. 8 U.S.C. § 1229b(b)(1).

We are ordinarily barred from reviewing "any judgment regarding" certain forms of relief, including cancellation of removal under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). But we retain jurisdiction to review "constitutional claims or questions of law," *id.* § 1252(a)(2)(D), including challenges to "the application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts," which "presents a mixed question of law and fact" that is reviewable under § 1252(a)(2)(D), *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024). We also have jurisdiction to review "an assertion that the agency failed to give reasoned consideration to an issue." *Jeune*, 810 F.3d at 799.

"[T]he exceptional and extremely unusual hardship requirement is governed by BIA precedent." *Flores-Alonso v. U.S. Att'y Gen.*, 36 F.4th 1095 (11th Cir. 2022), *abrogated on other grounds by Wilkinson*, 601 U.S. 209. According to the BIA, the hardship to the applicant's qualifying relatives, if the applicant is forced to leave the United States, "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001). In making that evaluation, the BIA considers "all hardship factors . . . in the aggregate," including the "ages, health, and circumstances" of qualifying relatives. *Id.* at 63–64.

**III.**

Espitia-Vera does not directly challenge the IJ and BIA's finding that his evidence was insufficient to establish exceptional and extremely unusual hardship to a qualifying relative. Nor does he challenge the denial of his motion to reopen to present testimony from his parents. Those issues have therefore been abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Instead, Espitia-Vera argues only that the BIA's decision is so internally inconsistent that it "cannot possibly be affirmed" and that we should reverse and remand for a "proper factual and legal determination." We construe Espitia-Vera's argument as a contention that the BIA failed to give reasoned consideration to the hardship issue.

We will grant a petition for review and remand for further proceedings "when a decision of an immigration judge or the BIA is so lacking in reasoned consideration and explanation that meaningful review is impossible." *Jeune*, 810 F.3d at 803. The question is not "whether the agency's decision is supported by substantial evidence," but rather "whether the agency has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (cleaned up). "[C]entral to a showing of reasoned consideration is that the reasoning of the Immigration Judge and the BIA is logical and can be reviewed for error." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018). Thus, we

may find that the BIA failed to give reasoned consideration when it misstates the record, fails to explain its rejection of logical conclusions, or provides justifications that are unreasonable or do not respond to any arguments. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021).

Here, Espitia-Vera has not shown that the BIA failed to give reasoned consideration to his application for cancellation of removal based on hardship to his qualifying parents and son. For starters, the BIA's decision was logical and not internally inconsistent. Espitia-Vera argues that the BIA's assertion that he failed to meaningfully articulate his parents' hardship was contradictory to its assertion that "[t]here is no dispute that [his] removal will result in a significant level of hardship to his . . . parents." But there is nothing inherently contradictory in noting that Espitia-Vera did not articulate any unusual hardship to his parents, while at the same time recognizing that his parents would invariably suffer significant hardship due to his removal and the loss of household income. The question before the BIA was not whether his parents would suffer some hardship from his removal, but whether that hardship was "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. at 62. And Espitia-Vera does not identify how the hardship to his child or parents meets that standard. The BIA's reasoning on this point was logical and reasonably consistent.

More broadly, the BIA discussed the hardship-related evidence and arguments Espitia-Vera raised in a manner sufficient to show that it "heard and thought and [did] not merely react[]." *Jathursan*, 17 F.4th at 1372. Espitia-Vera does not contend that the BIA overlooked or failed to consider important evidence or arguments on the question of hardship. And we otherwise see no indication that the BIA misstated the record, failed to explain its rejection of logical conclusions, or provided unreasonable or unresponsive justifications. *See id.*

For these reasons, we must **DENY** Espitia-Vera's petition for review.